Charles E. Dorkey III (CD-8422)
S. Jane Moffat (SM-0912)
McKENNA LONG & ALDRIDGE LLP
230 Park Avenue
Suite 1700
New York, NY 10169
(212) 905-8330
(212) 922-1819 (facsimile)

*Attorneys for Defendant U.S. Bank National Association,
as Indenture Trustee for the Registered Holders of FMAC
Loan Receivables Trusts 1997-B, 1998-B, 1998-C, 1998-D
and 2000-A*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| COMMERCE AND INDUSTRY INSURANCE COMPANY and AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>- against –<br><br>U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE FOR THE REGISTERED HOLDERS OF FMAC LOAN RECEIVABLES TRUSTS 1997-B, 1998-B, 1998-C, 1998-D AND 2000-A,<br><br>Defendant. | Civil Action No.<br>1:07-CV-5731 (JGK)(RLE)<br><br>**DEFENDANT'S ANSWER AND COUNTERCLAIM** |

Defendant U.S. Bank National Association, as Indenture Trustee for the Registered Holders of FMAC Loan Receivables Trusts 1997-B, 1998-B, 1998-C, 1998-D and 2000-A ("Defendant" or "U.S. Bank"), by its undersigned attorneys, McKenna Long & Aldridge LLP, states for its Answer to the Second Amended Complaint of Plaintiffs Commerce and Industry Insurance Company ("C&I") and American International Specialty Lines Insurance Company ("AISLIC") (collectively, "Plaintiffs"), as follows:

    1.    Admits the averments contained in Paragraph 1.

-1-

2. Admits the averments contained in Paragraph 2, except denies that Plaintiffs have no obligation under the SCIP Policies.

3. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 3.

4. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 4.

5. Denies the averments contained in Paragraph 5, except admits that U.S. Bank is a national banking association with its main office, as listed in its Articles of Association, in Cincinnati, Ohio.

6. Admits the averments contained in Paragraph 6.

7. Denies the averments contained in Paragraph 7, except admits that U.S. Bank is deemed a citizen of Ohio under 28 U.S.C. § 1348 and that this Court has diversity jurisdiction over this case.

8. Admits the averments contained in Paragraph 8.

9. Admits the averments contained in Paragraph 9.

10. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 10, except admits that certain insurance policies in Defendant's possession, issued by one or both of Plaintiffs, contain the provision quoted in Paragraph 10, and respectfully refers to the quoted insurance policies for the terms thereof.

11. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 11, except admits that certain insurance policies in Defendant's possession, issued by one or both of Plaintiffs, contain the provision quoted in Paragraph 11, and respectfully refers to the quoted insurance policy for the terms thereof.

12. Admits the averments contained in Paragraph 12.

13. Admits the averments contained in Paragraph 13.

14. Admits the averments contained in the first sentence in Paragraph 14, and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the second sentence of Paragraph 14, and respectfully refers to the insurance policy, referred to in Paragraph 14, for the terms thereof.

15. Admits the averments contained in the first sentence in Paragraph 15, and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the second sentence of Paragraph 15, and respectfully refers to the insurance policy, referred to in Paragraph 15, for the terms thereof.

16. Admits the averments contained in Paragraph 16.

17. Admits the averments contained in Paragraph 17.

18. Admits the averments contained in Paragraph 18.

19. Admits the averments contained in the first sentence in Paragraph 19, and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the second sentence of Paragraph 19, and respectfully refers to the insurance policy, referred to in Paragraph 19, for the terms thereof.

20. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 20, except admits that certain insurance policies in Defendant's possession, issued by one or both of Plaintiffs, contain the provision quoted in Paragraph 20, and respectfully refers to the quoted insurance policies for the terms thereof.

21. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 21, except admits that certain insurance policies in Defendant's possession, issued by one or both of Plaintiffs, contain the provision quoted in Paragraph 21, and respectfully refers to the quoted insurance policies for the terms thereof.

22. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 22, except admits that certain insurance policies in Defendant's

possession, issued by one or both of Plaintiffs, contain the provision quoted in Paragraph 22, and respectfully refers to the quoted insurance policies for the terms thereof.

23. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 23, except admits that certain insurance policies in Defendant's possession, issued by one or both of Plaintiffs, contain the provision quoted in Paragraph 23, and respectfully refers to the quoted insurance policies for the terms thereof.

24. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 24, except admits that certain insurance policies in Defendant's possession, issued by one or both of Plaintiffs, contain the provision quoted in Paragraph 24, and respectfully refers to the quoted insurance policies for the terms thereof.

25. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 25, except admits that certain insurance policies in Defendant's possession, issued by one or both of Plaintiffs, contain the provision quoted in Paragraph 25, and respectfully refers to the quoted insurance policies for the terms thereof.

26. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 26, except admits that certain insurance policies in Defendant's possession, issued by one or both of Plaintiffs, contain the provision quoted in Paragraph 26, and respectfully refers to the quoted insurance policies for the terms thereof.

27. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 27, except admits that certain insurance policies in Defendant's possession, issued by one or both of Plaintiffs, contain the provision quoted in Paragraph 27, and respectfully refers to the quoted insurance policies for the terms thereof.

28. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 28, except admits that certain insurance policies in Defendant's

possession, issued by one or both of Plaintiffs, contain the provision quoted in Paragraph 28, and respectfully refers to the quoted insurance policies for the terms thereof.

29. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 29, except admits that certain insurance policies in Defendant's possession, issued by one or both of Plaintiffs, contain the provision quoted in Paragraph 29, and respectfully refers to the quoted insurance policies for the terms thereof.

30. Denies the averments contained in Paragraph 30, except admits that certain insurance policies in Defendant's possession, issued by one or both of Plaintiffs, contain the provision quoted in Paragraph 30, and respectfully refers to the quoted insurance policies for the terms thereof.

31. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 31, except admits that certain insurance policies in Defendant's possession, issued by one or both of Plaintiffs, contain the provision quoted in Paragraph 31, and respectfully refers to the quoted insurance policies for the terms thereof.

32. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 32, except admits that certain insurance policies in Defendant's possession, issued by one or both of the Plaintiffs, contain "Representations" provisions, and respectfully refers to the SCIP policies for the terms thereof.

33. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 33, except admits that certain insurance policies in Defendant's possession, issued by one or both of Plaintiffs, contain a Policy Aggregate Limit as quoted in Paragraph 33, and respectfully refers to the quoted insurance policies for the terms thereof.

34. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 34, except admits that certain insurance policies in Defendant's possession, issued by one or both of Plaintiffs, contain a Policy Aggregate Limit as quoted in Paragraph 34, and respectfully refers to the quoted insurance policy for the terms thereof.

35. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 35, except admits that certain insurance policies in Defendant's possession, issued by one or both of Plaintiffs, contain an Each Loss Limit as quoted in Paragraph 35, and respectfully refers to the quoted insurance policies for the terms thereof.

36. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 36, except admits that certain insurance policies in Defendant's possession, issued by one or both of Plaintiffs, contain an Each Loss Limit as quoted in Paragraph 36, and respectfully refers to the quoted insurance policy for the terms thereof.

37. Denies the averments contained in Paragraph 37, and respectfully refers to SCIP policies for the terms thereof.

38. Denies the averments contained in Paragraph 38, and respectfully refers to SCIP policies for the terms thereof.

39. Denies the averments contained in the first sentence of Paragraph 39, except admits that Defendant has made claims on 64 insured loans which were in default at the time of the respective claims, and for which Pollution Conditions have been discovered; and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the second sentence of Paragraph 39, except admits Defendant believes that, for some of the 64 claims at issue in this lawsuit, the amount of Clean-Up Costs may be less than the Outstanding Balance of the defaulted loan.

40. Denies the averments contained in Paragraph 40, except admits that Defendant contends that the amount of Clean-Up Costs owed under the policies can be established, in part, by estimates for proposed remedial work at the sites in question, which Defendant has obtained for the majority of sites.

41. Denies the averments contained in Paragraph 41.

42. Denies the averments contained in Paragraph 42, and respectfully refers to any written communications from Plaintiffs, referred to in Paragraph 42, for the contents thereof.

43. Denies the averments contained in Paragraph 43, and respectfully refers to any written communications from Plaintiffs, referred to in Paragraph 43, for the contents thereof.

44. Denies the averments contained in Paragraph 44.

45. Admits the averments contained in Paragraph 45.

46. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 46, except admits that Plaintiffs have refused to pay the claims submitted by Defendant.

47. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 47, except denies that Plaintiffs have a legal or factual basis to deny coverage, and respectfully refers to any written communications from Plaintiffs, referred to in Paragraph 47, for the contents thereof.

48. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 48, except denies that Plaintiffs have a legal or factual basis to deny coverage, and respectfully refers to any written communications from Plaintiffs, referred to in Paragraph 47, for the contents thereof.

49. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 49, except admits that a jury trial will resolve the disputes, described in the Complaint, between the parties.

## FIRST CAUSE OF ACTION

50. Defendant restates and incorporates herein by reference its response to each and every averment contained in Paragraphs 1 through 49 as if such responses were set forth verbatim herein.

51. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 51.

52. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 52.

## SECOND CAUSE OF ACTION

53. Defendant restates and incorporates herein by reference its response to each and every averment contained in Paragraphs 1 through 52 as if such responses were set forth verbatim herein.

54. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 54.

55. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 55.

## RESPONSE TO RELIEF REQUESTED

Defendant denies that Plaintiffs are entitled to any of the relief requested.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel and laches.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because some or all of the payments made by Plaintiffs were voluntary payments made without the expectation of repayment.

## FOURTH DEFENSE

Neither Defendant nor any other insured breached any of the conditions of the insurance policies at issue in this lawsuit.

## COUNTERCLAIM

U.S. Bank files the following Counterclaim against AISLIC and C&I:

## PARTIES

1.  U.S. Bank is a national banking association with its main office, as listed in its Articles of Association, in Cincinnati, Ohio. Under 28 U.S.C. § 1348, U.S. Bank is deemed to be a citizen of Ohio.

2.  Upon information and belief, as stated in Plaintiffs' Second Amended Complaint, C&I is a corporation organized under the laws of the State of New York with its principal place of business in New York, New York.

3.  Upon information and belief, as stated in Plaintiffs' Second Amended Complaint, AISLIC is a corporation organized under the laws of the State of Alaska with its principal place of business in Jersey City, New Jersey.

## JURISDICTION AND VENUE

4.  By filing this action, AISLIC and C&I subjected themselves to the personal jurisdiction of this Court.

5.  This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs, and complete diversity of citizenship exists between U.S. Bank and AISLIC and C&I. Venue is proper in this Court under 28 U.S.C. § 1391(a)(2).

## BACKGROUND

6.  U.S. Bank is the indenture trustee of FMAC Loan Receivables Trusts 1997-B, 1998-B, 1998-C, 1998-D and 2000-A (the "Trusts").

7. AISLIC and C&I insured the Trusts under policies of Secured Creditor Impaired Property ("SCIP") insurance, numbered 5295738, 5295859, 5295865, 7788373, 7788374 (the "C&I Policies") and 8195202 (the "AISLIC Policy") (collectively, the "Policies").

8. Under the Policies, AISLIC and C&I agreed to pay the lesser of the "Outstanding Balance" or the "Clean-Up Costs" in the event the Trusts incurred "Loss" arising from a "Default" by a "Borrower" on a "Commercial Real Estate Loan" secured by "Insured Property" accompanied by "On-Site Pollution Conditions."

9. The Trusts incurred substantial "Losses" as a result of "Defaults" on "Commercial Real Estate Loans" by the following borrowers (as U.S. Bank currently understands the borrowers' names): Acme, Carolina Entertainment, Fasmart, Iowa Oil, Henson Oil, Petroleum Holdings, FFP Properties, T&S Pantries, East Texas Holdings, One Stop Food Services, Ran Oil and Oasis Car Wash (collectively, the "Borrowers").

10. The "Commercial Real Estate Loans" made to the Borrowers were secured by "Insured Properties."

11. "Pollution Conditions" were subsequently discovered on certain of the "Insured Properties" which served as security for the "Commercial Real Estate Loans" made to the Borrowers.

12. U.S. Bank provided AISLIC and C&I with timely notice of the discovery of "On-Site Pollution Conditions" at these "Insured Properties."

13. All of the conditions to coverage under the Policies have been satisfied and/or waived.

14. AISLIC and C&I have waived and/or are estopped from asserting any coverage defenses that may have been available to them under the Policies.

15. Though they are covered, AISLIC and C&I have not paid the overwhelming majority of the Trusts' "Losses" under the Policies.

## FIRST CLAIM FOR RELIEF: BREACH OF CONTRACT

16. U.S. Bank restates and incorporates by reference the allegations of Paragraphs 1-15 of the Counterclaim, as if fully restated herein.

17. Under the terms of the Policies, AISLIC and C&I had a duty to pay the Trusts' "Losses" arising from the Borrowers' "Defaults" on the "Commercial Real Estate Loans."

18. AISLIC and C&I have delayed payment, and now refused to pay, the Trusts' "Losses" related to all of the properties listed in Exhibit A to Plaintiffs' Complaint.

19. There are no exclusions in the Policies which preclude coverage for the Trusts' "Losses."

20. The Trusts complied with all applicable conditions precedent under the Policies.

21. AISLIC and C&I's conduct breached their duties under the Policies.

22. As a direct and proximate result of AISLIC and C&I's breaches, the Trusts have been damaged in an amount to be determined at trial, which amount in any event exceeds $75,000.

## SECOND CLAIM FOR RELIEF: BAD FAITH REFUSAL TO PAY

23. U.S. Bank restates and incorporates by reference the allegations of Paragraphs 1-22 of the Counterclaim, as if fully restated herein.

24. AISLIC and C&I have refused to fulfill their obligations and/or delayed the performance of their obligations to the Trusts under the Policies.

25. AISLIC and C&I's refusal to perform and/or delay in performing their obligations to the Trusts under the Policies was without reasonable justification and/or lacked a fairly debatable reason.

26. AISLIC and C&I knew or recklessly disregarded the lack of a reasonable basis for their refusal to perform and/or delay in performing their obligations to the Trusts under the Policies.

27. AISLIC and C&I's coverage position herein is without reasonable justification.

28. Because of AISLIC and C&I's bad faith, the Trust are entitled to recover penalties and/or punitive damages in an amount to be determined by this Court.

29. Because AISLIC and C&I breached the Policies in bad faith, U.S. Bank should be awarded its attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, having submitted its Answer and Counterclaim, U.S. Bank requests:

(a) that the Court declare that the Trusts are entitled to coverage under the Policies;

(b) that judgment be entered in favor of U.S. Bank and against Plaintiffs in an amount to be determined at the trial of this matter;

(c) that U.S. Bank recover the maximum penalties and/or punitive damages under applicable law for Plaintiffs' bad faith refusal to pay;

(d) that U.S. Bank be awarded its attorneys' fees and expenses of litigation;

(e) that U.S. Bank recover pre-judgment interest under applicable law; and

(f) that the Court order such other, further and different relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Defendant, U.S. Bank, hereby demands trial by jury on all issues so triable in this lawsuit.

Dated: October 29, 2007
New York, New York

McKENNA LONG & ALDRIDGE LLP

_____
Charles E. Dorkey III (CD-8422)
S. Jane Moffat (SM-0912)
230 Park Avenue
Suite 1700
New York, NY 10169
(212) 905-8330
(212) 922-1819 (facsimile)

Of Counsel:

Tami L. Azorsky
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C. 20006
Tel: (202) 496-7500
Fax: (202) 496-7756

Barry J. Armstrong
Jeremy M. Moeser
McKenna Long & Aldridge LLP
303 Peachtree Street, Suite 5300
Atlanta, Georgia 30308
Tel: (404) 527-4000
Fax: (404) 527-4198

*Attorneys for Defendant*