UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

COMMERCE AND INDUSTRY INSURANCE COMPANY and AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,

        Plaintiffs,

-against-

U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE FOR THE REGISTERED HOLDERS OF FMAC LOAN RECEIVABLES TRUSTS 1997-B, 1998-B, 1998-C, 1998-D AND 2000-A,

        Defendant.

Civil Action No. 1:07-CV-5731 (JGK)(RLE)

(Oral Argument Requested)

---

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION TO DISMISS**

 

STEPTOE & JOHNSON LLP
750 Seventh Avenue
Suite 1900
New York, New York 10019
(212) 506-3900

November 19, 2007

*Attorneys for Plaintiffs/Counterclaim Defendants American International Specialty Lines Insurance Company and Commerce & Industry Insurance Company*

TABLE OF CONTENTS

**PAGE**

**TABLE OF CONTENTS** ............................................................................................................. i
INTRODUCTION ...........................................................................................................................1
STATEMENT OF FACTS .............................................................................................................1
ARGUMENT ..................................................................................................................................3
      I.      Applicable Legal Standard .........................................................................................3
      II.     U.S. Bank's Second Claim For Relief Must Be Dismissed Because New York Law Does Not Recognize A Cause Of Action For Bad Faith ........................4
      III.    U.S. Bank Has No Claim For Punitive Damages ....................................................5
      IV.    U.S. Bank Has No Claim For Attorneys' Fees ........................................................7
CONCLUSION ................................................................................................................................9

## INTRODUCTION

Plaintiffs/counterclaim defendants Commerce and Industry Insurance Company ("C&I") and American International Specialty Lines Insurance Company ("AISLIC") (collectively, "Insurers") filed their Second Amended Complaint on August 28, 2007, for declaratory relief pursuant to 28 U.S.C. § 2201. Insurers seek a determination concerning the scope and nature of their obligations, if any, to defendant/counterclaim plaintiff U.S. Bank National Association, as Indenture Trustee for the Registered Holders of FMAC Loan Receivables Trusts 1997-B, 1998-B, 1998-C, 1998-D and 2000-A ("U.S. Bank"), for multiple insurance claims brought under Secured Creditor Impaired Property ("SCIP") insurance policies issued by Insurers. U.S. Bank filed an Answer and Counterclaim on October 29, 2007. U.S. Bank's Counterclaim asserts two counts: Breach of Contract ("Count I") and Bad Faith Refusal to Pay ("Count II"). U.S. Bank alleges that Count II provides a basis for its recovery of punitive damages and attorneys' fees. As more fully set forth below, Count II fails to state a claim as a matter of law and should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. U.S. Bank's claims for punitive damages and attorneys' fees are similarly defective as a matter of law and must also be dismissed.

## STATEMENT OF FACTS

In their suit for declaratory relief, Insurers seek a determination concerning the scope and nature of their obligations, if any, to U.S. Bank, under SCIP insurance policies that they issued. Declaration of Lara E. Romansic, dated November 19, 2007 ("Romansic Dec."), Ex. A (Complaint) at ¶¶ 1, 2; Ex. B (Answer) at ¶¶ 1, 2. The relevant portion of the SCIP policies states that the Insurers provide coverage, subject to all of the policies' other terms, conditions and exclusions, as follows:

> In the event of **Loss** arising from a **Default** by a **Borrower** on a **Commercial Real Estate Loan** secured by **an Insured Property,** the Company agrees to pay the lesser of either the **Outstanding Balance,** in which case the Company will indemnify **the Insured,** or Clean-Up Costs, in which case the Company will pay on behalf of the **Insured.** For this coverage to apply, **On-Site Pollution Conditions** must first be discovered by the **Insured** during the **Policy Period.**

*Id.*, Ex. A (Complaint) at ¶ 20. U.S. Bank has made insurance claims on sixty-four (64) insured loans that it alleges are in default and for which it alleges "On-Site Pollution Conditions" have been discovered at collateral Insured Properties. *Id.*, Ex. B (Answer) at ¶ 39.

U.S. Bank filed an Answer and Counterclaim on October 29, 2007, disputing the Insurers' denial of coverage under the Policies, *see Id.*, Ex B (Answer) at ¶ 44, and asserting two claims for relief: Breach of Contract and Bad Faith Refusal to Pay, *see* Ex. B (Counterclaim) at ¶¶ 16-29. The "bad faith" count is the focus of this motion to dismiss.

At the heart of U.S. Bank's bad faith claim is a restatement of its breach of contract allegations. See *id.* at ¶ 24 ("[Insurers] have refused to fulfill their obligations and/or delayed the performance of their obligations to the [insured] under the Policies."). U.S. Bank attempts to state its bad faith claim by simply declaring that the Insurers' alleged refusal and/or delay in performance was "without reasonable justification," *id.* at ¶ 25, and that Insurers "knew or recklessly disregarded the lack of reasonable basis for their refusal to perform and/or delay . . . performing their obligations," *id.* at ¶ 26. U.S. Bank does not plead, however, that Insurers' conduct is actionable as an independent tort separate from its breach of contract claim, nor does it allege any "egregious" tortious conduct directed at the public generally. Nevertheless, U.S. Bank claims that it is entitled to receive punitive damages and attorneys' fees due to Insurers' alleged bad faith. *Id.* at ¶¶ 28, 29.

# ARGUMENT

## I. Applicable Legal Standard

A court applies the same standard in ruling on a motion to dismiss a counterclaim under Federal Rule of Civil Procedure 12(b)(6) as it does for a complaint. *See, e.g., Bridgeport Music, Inc. v. Universal Music Group, Inc.*, 440 F. Supp. 2d 342, 344 (S.D.N.Y. 2006). Dismissal of a counterclaim for failure to state a claim is proper only where "it appears beyond doubt that the [non-movant] can prove no set of facts in support of [its] claim would entitle [it] to relief." *Id.* (quoting *Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999) (first alteration in original)). In reviewing a Rule 12(b)(6) motion, courts must "accept as true the factual allegations of the [counterclaim], and draw all inferences in favor of the pleader." *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993) (citation omitted).

Nevertheless, "the complaint must set forth enough information to suggest that relief would be based on some recognized legal theory." *Telsat v. Entm't & Sports Programming Network*, 753 F. Supp. 109, 111 (S.D.N.Y. 1990). "The District Court has no obligation to create, unaided by plaintiff, new legal theories to support a complaint." *Id.* (quotation omitted). "In practice 'a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Id.* (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). The court "will not credit conclusory statements unsupported by factual allegations or legal conclusions presented as factual allegations." *In re IAC/InterActiveCorp Secs. Litig.*, 478 F. Supp.2d 574, 585 (S.D.N.Y. 2007). "While the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

U.S. Bank's claim of bad faith, along with its demand for punitive damages and attorneys' fees, cannot clear the Rule 12(b)(6) threshold, and therefore, the Court must dismiss Count II of the Counterclaim and the associated requests for relief.

## II.     U.S. Bank's Second Claim For Relief Must Be Dismissed Because New York Law Does Not Recognize A Cause Of Action For Bad Faith

Accepting all of U.S. Bank's allegations as true and drawing all reasonable inferences in its favor, U.S. Bank's "Bad Faith Refusal to Pay" claim, upon which it bases its demand for punitive damages and attorneys' fees, fails as a matter of law. New York does "not recognize the tort of bad faith denial of insurance coverage, whether based in tort or contract."[1] *Cont'l Info. Sys. Corp. v. Fed. Ins. Co.*, Civ. No. 02 Civ. 4168 (NRB), 2003 U.S. Dist. LEXIS 682, at *8 (S.D.N.Y. Jan. 16, 2003); *see also Polidoro v. Chubb Corp.*, 354 F. Supp. 2d 349, 352 (S.D.N.Y. 2005) ("Plaintiff's claim for bad-faith conduct in handling insurance claims is not legally-cognizable under New York law."); *USAlliance Fed. Credit Union v. CUMIS Ins. Soc'y, Inc.*, 346 F. Supp. 2d 468, 470 (S.D.N.Y. 2004) (noting that "an independent tort action for bad faith denial of insurance coverage is not recognized in New York.").[2]

---

[1] New York courts do, however, recognize a separate claim for bad faith where the duty to defend or settle is implicated. *See, e.g., Greenidge v. Allstate Ins. Co.*, 446 F.3d 356, 361-62 (2d Cir. 2006); *see also Pavia v. State Farm Mut. Auto. Ins. Co.*, 82 N.Y.2d 44 (1993). This type of bad faith claim is not implicated here because the coverage sought by U.S. Bank does not provide liability coverage or any obligation to defend anything, *see* Romansic Dec., Ex. B (Counterclaim) at ¶ 8, and U.S. Bank makes no allegation to the contrary, *see id.* at ¶¶ 17-21, 24-27 (making no claim that Insurers have a duty to defend).

[2] New York law applies to the Court's analysis of Count II of U.S. Bank's Counterclaim, given that five of the six policies at issue contain a choice of law clause providing for the application of New York law. *See* Romansic Dec., Ex. B (Counterclaim) at ¶ 7, SCIP Policy Nos. 5296738, 5295859, 5295865, 7788373, 7788374; s*ee also In re IAC/InterActiveCorp Secs. Litig.*, 478 F. Supp.2d 574, 585 (S.D.N.Y. 2007) ("Materials that a court may properly consider on a motion to dismiss include any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference….") (alteration in original).

4

This court dismissed a bad faith claim made under similar circumstances in *Wiener v. Unumprovident Corp.,* 202 F. Supp. 2d 116 (S.D.N.Y. 2002).  In *Wiener,* the plaintiff, Ruth Wiener, sued an insurance company from which she had purchased disability insurance because the company no longer considered her totally disabled as defined in the policies and had terminated payment of benefits.  Among other claims, Wiener sought damages for bad faith denial of insurance coverage.  Wiener crafted her bad faith claim as an independent cause of action and alleged that the defendants "denied her . . . benefits without a reasonable basis and in reckless disregard of their obligations under her insurance policy." *Id.* at 123.  The court dismissed Wiener's bad faith claim because "New York does not recognize bad faith denial of coverage as an independent tort." *Id.* at 124.  The court also found that Wiener had failed to state a claim for punitive damages under New York law because she "failed to state an underlying tort cause of action." *Id.*

U.S. Bank makes a similar argument to support its bad faith claim, alleging that Insurers refused to perform or delayed performance of their obligations under the insurance policies "without reasonable justification," Romansic Dec., Ex. B (Counterclaim) at ¶ 24, and that Insurers "knew or recklessly disregarded the lack of reasonable basis for their refusal to perform and/or delay … performing their obligations," *id.* at ¶ 25.  However, U.S. Bank's claim fails for the same reason that Wiener's claim failed – a claim for bad faith refusal to pay is clearly not recognized under New York law.  Accordingly, Count II of U.S. Bank's Counterclaim must be dismissed.

### III.    U.S. Bank Has No Claim For Punitive Damages

U.S. Bank's claim for punitive damages also fails as a matter of law.  A counterclaim cannot "state a claim for . . . punitive damages by alleging merely that the insurer engaged in a pattern of bad-faith conduct." *Rocanova v. Equitable Life Assurance Soc'y*, 83 N.Y.2d 603, 615

(1994). Rather, a plaintiff must plead the following four elements to sustain a claim for punitive damages: (1) that defendant's conduct is actionable as an independent tort; (2) that the tortious conduct is of an egregious nature; (3) that the egregious conduct is directed at plaintiff; and (4) that defendant's conduct is a part of a pattern that is directed at the public generally. *New York Univ. v. Cont'l Ins. Co.*, 87 N.Y. 2d 308, 316(N.Y. 1995).

The "threshold task" for a court considering a motion to dismiss a cause of action for punitive damages is to "identify a tort independent of the contract." *Id.* Therefore, "[i]f a court cannot identify an independent tort in the plaintiff's pleadings, the claim for punitive damages must be dismissed." *Bono v. Monarch Life Ins. Co.*, Civ. No. 05-cv-281S, 2006 U.S. Dist. LEXIS 22990, at *14 (W.D.N.Y. Mar. 26, 2006) (citing *Rocanova*, 83 N.Y.2d at 615). As explained above, a claim for bad faith denial of coverage can never be an independent cause of action. *Cont'l Info. Sys. Corp.* 2003 U.S. Dist. LEXIS 682, at *12 (noting that the tort underlying a punitive damages claim must be "independent of plaintiff's claim of bad faith").

For example, in *Bono v. Monarch Life Ins. Co.*, the court examined whether the plaintiff had sufficiently pled an independent claim for intentional or negligent inflection of emotional distress. 2006 U.S. Dist. LEXIS 22990, at *10-15. Finding that the plaintiff's emotional distress claim could not survive a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings and finding no other tort independent of plaintiff's contract claim, the court ruled that the plaintiff could not recover punitive damages. *Id.* at *14-15.

As a matter of law, U.S. Bank has failed to state an underlying tort cause of action independent of its breach of contract claim upon which its punitive damages can be grounded. As the discussion above demonstrates, it is clear that U.S. Bank may not rely on its bad faith claim to support its claim of punitive damages. Further, U.S. Bank has failed to assert any other allegations that the Insurers engaged in tortious conduct. Even if the court were to examine the

6

allegations underlying its bad faith claim, the allegations do not give rise to an independent tort, as they simply restate its breach of contract claim. *See New York Univ.*, 87 N.Y.2d at 316 ("where a party is merely seeking to enforce its bargain, a tort claim will not lie"). In addition to failing to identify an independent tort, U.S. Bank has also neglected to allege that such tort was "egregious" or that the conduct was "part of a pattern directed at the public generally." *Id*. Accordingly, U.S. Bank's claim for punitive damages should be dismissed as a matter of law.

### IV. U.S. Bank Has No Claim For Attorneys' Fees

In Count II, U.S. Bank claims that it is entitled to attorneys' fees because the Insurers "breached the Policies in bad faith." *See* Exhibit B, Counterclaim at ¶12. However, U.S. Bank is prohibited, as a matter of law, from seeking recovery of attorneys' fees. "Under New York law, it is 'well settled that an insured cannot recover his legal expenses in a controversy with a carrier over coverage, even though the carrier loses the controversy and is held responsible for the risk.'" *Employers Mut. Cas. Co. v. Key Pharms.*, 75 F.3d 815, 824 (2d Cir. 1996) (per curiam) (quoting *Sukup v. State*, 19 N.Y.2d 519, 522 (1967)).

Two limited exceptions to this rule exist. The first exception, not applicable here, arises only "[where] a policyholder has been cast in a defensive posture by its insurer in a dispute over the insurer's *duty to defend*." *Id.* (emphasis added) (citing rule established by *Mighty Midgets, Inc. v. Centennial Ins. Co.,* 47 N.Y.2d 12 (1979)). This exception has not been expanded to insurance disputes that involve the duty to indemnify. *Liberty Surplus Ins. Corp. v. Segal Co.*, 420 F.3d 65, 68 (2d Cir. 2005). Here, neither U.S. Bank's Counterclaim, nor Insurers' declaratory judgment action involves a dispute over the duty to defend. *See* Romansic Dec. Ex. B (Counterclaim) at ¶¶ 17-21, 24-27 (making no claim that Insurers have a duty to defend); Ex. A (Complaint) at ¶¶ 20 (citing the SCIP language relevant to the dispute, which does not include

a duty to defend), 51, 53. Therefore, as a matter of law, the generally applicable New York law prohibiting recovery of attorneys' fees applies to the declaratory judgment action.

The second exception arises when a plaintiff makes "a showing of such bad faith in denying coverage that no reasonable carrier would, under the given facts, be expected to assert it." *Sukup*, 19 N.Y.2d at 522. Under New York law, there is a "strong presumption" against a finding of bad faith to support an award of attorneys' fees. *Hugo Boss Fashions, Inc. v. Fed. Ins. Co.*, 252 F.3d 608, 624 (2d Cir. 2001). This presumption against bad faith liability can be rebutted only by evidence establishing that the insurer's refusal to perform its obligations was based on "more than an arguable difference of opinion," and exhibited "a gross disregard for its policy obligations." *Id.* at 625 (quoting *Sukup*, 19 N.Y.2d at 522).

As a matter of law, however, U.S. Bank may not recover attorneys' fees based on its bad faith claim in Count II of its Counterclaim because U.S. Bank has not alleged an independent tort. *See Edwards v. Great N. Ins. Co.*, Cv. No. 03 CV 2947(NG)(RML) 2006 U.S. Dist. LEXIS 50683, at *27 (E.D.N.Y. July 18, 2006) ("Since the tort-based claims are dismissed, [plaintiff] cannot recover attorney's fees."); *Core-Mark Int'l, Corp. v. Commonwealth Ins. Co.*, Civ. No. 05 Civ 183 (WHP) 2005 U.S. Dist. LEXIS 14312, at *11 (S.D.N.Y. July 19, 2005) ("Dismissal of the bad faith claim also necessitates dismissal of the demand for . . . attorneys' fees"). Further, U.S. Bank may not recover attorneys' fees based on its breach of contract claim in Count I of the Counterclaim, as it has failed to make any allegations that rebut the "strong presumption" against a finding of bad faith as the concept applies to the award of attorneys' fees. U.S. Bank has not claimed that Insurers' denial of coverage amounts to "more than an arguable difference of opinion between carrier and insured over coverage" or that Insurers have exhibited a "gross disregard" for its obligations under the policies. *Sukup*, 19 N.Y.2d at 522. Therefore, as a matter of law, U.S. Bank has no basis for recovery of attorneys' fees, and its claim should be dismissed.

## **CONCLUSION**

For the foregoing reasons, the Insurers respectfully request that the Court grant their Motion to Dismiss for failure to state a claim as to Count II of U.S. Bank's Counterclaim.

| | |
|---|---|
| Dated: New York, New York<br>November 19, 2007 | STEPTOE & JOHNSON LLP<br><br>By:     /s/ John D. Lovi<br>         John D. Lovi (JL-5928)<br>         Lara E. Romansic (LR-9236)<br>         750 Seventh Avenue, 19th Floor<br>         New York, New York  10019<br>         (212) 506-3900<br>         (212) 506-3950 (fax)<br><br>         -and-<br><br>         Roger Warin<br>         Harry Lee<br>         Andrew Racca<br>         Steptoe & Johnson LLP<br>         1330 Connecticut Avenue, NW<br>         Washington, DC  20036<br>         (202) 429-3000<br>         (202) 429-3902 (fax)<br><br>         *Attorneys for Plaintiffs/Counterclaim Defendants American International Specialty Lines Insurance Company and Commerce & Industry Insurance Company* |

*Of Counsel:*

Scott Davis
David Timmins
Gardere Wynne Sewell LLP
1601 Elm Street
Suite 3000
Dallas, Texas  75201
(214) 999-3000
(214) 999-4667 (fax)