MEMO ENDORSED

*2062/72, J*

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/29/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COMMERCE AND INDUSTRY INSURANCE
COMPANY and AMERICAN INTERNATIONAL
SPECIALTY LINES INSURANCE COMPANY,

                             Plaintiffs,

        - against -

U.S. BANK NATIONAL ASSOCIATION, AS
INDENTURE TRUSTEE FOR THE REGISTERED
HOLDERS OF FMAC LOAN RECEIVABLES
TRUSTS 1997-B, 1998-B, 1998-C, 1998-D AND
2000-A,

                           Defendant.

Civil Action No.
1:07-CV-5731 (JGK)

STIPULATED PROTECTIVE
ORDER GOVERNING
DISCLOSURE OF
CONFIDENTIAL MATERIALS

Plaintiffs Commerce and Industry Insurance Company and American International

Specialty Lines Insurance Company and Defendant U.S. Bank National Association, as Indenture

Trustee for the Registered Holders of FMAC Loan Receivables Trusts 1997-B, 1998-B, 1998-C,

1998-D and 2000-A, hereby stipulate pursuant to Federal Rule of Civil Procedure 26(c) to the

entry of a protective order in the above-captioned action. Pursuant to Rule 26(c), good cause

having been shown within the meaning of Rule 26(c) and it appearing that the parties consent to

entry of this Order, IT IS HEREBY ORDERED THAT:

       (1)      Any party to this action (or any third-party that provides discovery in connection

with the above-captioned action) (hereinafter collectively referred to as "Parties" or singularly as

a "Party") may designate material or information, whether electronically stored or embodied in

documents, things, deposition testimony, deposition transcripts, answers to interrogatories,

answers to requests for admission, or any other materials provided, produced, or made available

for inspection, as "CONFIDENTIAL" if such material or information is not known to the general

public and the producing Party in good faith deems such material or information to be confidential or proprietary. A Party may designate material or information as CONFIDENTIAL only if it makes a good faith determination that the material or information includes or constitutes confidential information of the producing Party, including, without limitation, trade secrets, sensitive financial data, proprietary information or any information which the Party is under a duty to maintain in confidence.

(2)     Absent further order by this Court, information designated as CONFIDENTIAL and all copies, summaries, compilations, notes or abstracts thereof, shall be used exclusively for the purpose of litigating this case and not for any other purpose. A Party should designate as CONFIDENTIAL only such information as the Party reasonably and in good faith believes requires protection under this Order.

(3)     A Party may designate information as CONFIDENTIAL by identifying it with reasonable specificity orally or in writing when the information is produced, disclosed or revealed. Further, a document may be designated as CONFIDENTIAL by marking or stamping the indicia "CONFIDENTIAL" on each page so designated prior to its production to a receiving Party. If a document is not so marked prior to its production to a receiving Party but is otherwise designated as CONFIDENTIAL orally, if on the record, or in writing at the time it is disclosed, the receiving Party shall promptly cause the document to be appropriately marked or stamped at the providing Party's expense.

(4)     CONFIDENTIAL information may be disclosed in a deposition in this action, but the party or person disclosing it shall so advise the reporter of the CONFIDENTIAL nature of the information. The Parties may orally designate on the record testimony during the deposition or may have thirty (30) days following the receipt of a deposition transcript to designate any portion

thereof as CONFIDENTIAL. All deposition transcripts shall be treated as confidential until the expiration of said thirty (30)-day period. Should counsel for any Party disagree with the designation, all Parties nonetheless shall treat the information in question as it was designated until the Court is able to resolve the issue.

(5)    All or any part of responses to interrogatories or to requests for admission or for production of documents may be designated as CONFIDENTIAL by the responding party by marking CONFIDENTIAL on the face of the response and each page so designated. If any such response contains CONFIDENTIAL information of another party, the responding Party shall designate the response CONFIDENTIAL.

(6)    Portions of court records that contain CONFIDENTIAL information may be designated as CONFIDENTIAL by the Party or Parties filing said court record by marking the word CONFIDENTIAL on each page of the court record containing CONFIDENTIAL information. Court records containing CONFIDENTIAL information shall be filed by hand, rather than by electronic means, and shall be served on all Parties by overnight mail.

(7)    Access to CONFIDENTIAL information and materials shall be restricted to the following persons, but only to the extent that such persons have a need to know such information:

(a)    Officers, directors and employees, including in-house counsel, of the Parties to this action; officers, directors and employees, including in-house counsel, of the Parties' successors, predecessors, parents, subsidiaries, and affiliates; and officers, directors and employees, including in-house counsel of Capmark Finance, Inc. f/k/a GMAC Commercial Mortgage Corporation;

-3-

(b)     Attorneys and law firms of record and attorneys designated as "of counsel" in this action, and their secretaries, paralegals, assistants, and other employees engaged with counsel in the litigation of this action;

(c)     Third parties who have been retained to assist the attorneys of record in translating, copying or computer coding of documents, transcribing or videotaping depositions, or assisting with trial preparation;

(d)     Outside consultants and outside expert witnesses retained by counsel or a Party for the purpose of analyzing data, conducting studies, or providing opinions to assist, in any way, in the litigation of this action. Access to CONFIDENTIAL information by consultants and experts shall be limited to documents that the consultants and experts reasonably need to review in their roles as consultants and experts.

(e)     Any person who may be a witness at trial or by deposition who has a bona fide need to review CONFIDENTIAL information in connection with providing testimony with respect to a subject matter the person otherwise has personal knowledge of may be shown but may not retain a copy of CONFIDENTIAL information. The Parties shall maintain and provide to the Court on a monthly basis a list of any persons to whom CONFIDENTIAL information is disclosed pursuant to this provision.

(8)     CONFIDENTIAL information shall be maintained in confidence by the receiving Party, according to the terms hereof, and used by the receiving Party solely in this action. The Parties expressly recognize that those to whom CONFIDENTIAL information is disclosed shall not disclose, discuss or relate such information to anyone who is not identified in Paragraph 7 above.

-4-

(9)     In the event that any CONFIDENTIAL information is filed with the Court, or disclosed in any such filing, such information shall be filed under seal and submitted to the Clerk securely sealed in an envelope or box necessary to accommodate the documents bearing the notation "CONFIDENTIAL – FILED UNDER SEAL" along with the caption of the matter, the title of the documents the CONFIDENTIAL information accompanies, and the following proviso:

> This envelope contains CONFIDENTIAL INFORMATION and is not to be opened nor the contents thereof displayed, revealed or seen except by order of the Court, upon notice to the entity identified above, or by agreement of the entity identified above.

Such documents shall be opened and reviewed only by authorized Court personnel or upon request, by counsel of record, after written notice to opposing counsel.

(10)     At any hearing in or the trial of this action, a Party may use CONFIDENTIAL information provided that adequate prior notice of such use is given to counsel for the disclosing Party to permit that Party the opportunity to seek appropriate protection from the Court, including a request to the Court that the courtroom be closed to the public and that court employees be advised as to the terms of this Order. If the Court denies any such request, the use of CONFIDENTIAL information shall not constitute a waiver of secrecy with respect thereto.

(11)     Any Party shall have the right, at any time, to challenge a "CONFIDENTIAL" designation for any information the Party believes was inappropriately designated. The Party seeking a modification shall confer with the Parties to determine whether the matter can be resolved by agreement. This requirement—the obligation to attempt to resolve disputes by agreement before they are brought to the Court—applies to any and all disputes that arise under any other paragraph or otherwise in connection with this Order. If the Parties cannot resolve the

designation by agreement, the Party making the challenged designation shall have the burden to seek an order from the Court. As long as the party making the challenged designation seeks an order promptly, the Parties shall treat the information in accordance with its designation until there is a ruling from the Court.

(12)    Nothing in this Order shall be deemed a waiver of any right any party might otherwise have (1) under the Federal Rules, (2) under the attorney-client privilege, attorney work product doctrine, or any other privilege, or (3) to the authentication of admissibility of any document.

(a)    If a Party inadvertently discloses any information without designating it as CONFIDENTIAL but later determines that it should be so designated, but so informs the receiving Party thereof in writing, the information shall thereupon be treated as CONFIDENTIAL, and the receiving Party shall immediately make prompt and reasonable efforts to protect the information and retrieve it from any person not entitled to receive it under Paragraph 7. The receiving Party may challenge the producing Party's late designation of the information, but shall take no further action inconsistent with the designation until such time as the challenge is resolved. If the receiving Party makes no challenge to the late designation, or if its challenge is unsuccessful, the receiving Party shall mark or stamp the information "CONFIDENTIAL" in accordance with the disclosing Party's designation.

(b)    If a Party inadvertently discloses any information, including, but not limited to, electronically stored information, protected by the attorney-client privilege, work product doctrine, or any other privilege and informs the receiving Party thereof in writing about the inadvertent disclosure, the receiving Party shall immediately make prompt and reasonable efforts to protect the information and retrieve it from any person not entitled to receive it and shall return

-6-

the information immediately to the producing Party. The receiving Party may challenge the producing Party's claim that the information is legally privileged and/or confidential, but shall take no further action inconsistent with the designation until such time as the challenge is resolved. The Parties shall take measures reasonably calculated to avoid inadvertent disclosure of information and materials that are CONFIDENTIAL or are protected by the attorney-client privilege, work product doctrine, or any other privilege. With respect to such protective measures, particularly as to any production of electronically stored information, reasonable efforts should take into account all relevant circumstances, including, for example, the volume and form of the information, so as to avoid undue burden and expense on the producing Party.

(13)    This Protective Order shall govern all pretrial proceedings, but shall be subject to modification upon application of a party to this lawsuit and for good cause shown.

(14)    Within thirty (30) days after the final disposition of this action, each Party subject to the terms hereof shall destroy or assemble and return to the producing Party all originally produced materials, documents and things constituting CONFIDENTIAL information and all copies thereof, and shall collect and destroy all summaries, and abstracts thereof and all other materials, memoranda or documents that are attorney-client privileged or work product protected and that constitute or contain CONFIDENTIAL information. Each Party shall certify to the producing Party in writing that all such materials, documents and things have either been destroyed or returned to the producing Party.

(15)    Neither the taking of nor the failure to take any action to enforce the provisions of this Protective Order, nor the failure to object to any such action or omission shall constitute a waiver of any claim or defense in the trial of this action.

-7-

(16)    No Party shall object to disclosing or producing information on the ground that a further or other protective order is needed unless such Party shall have (a) unsuccessfully attempted in good faith to reach agreement with the other Parties as to a consent order obviating the objection and (b) filed, within fifteen (15) days after service of the request for the documents or information, a motion seeking a modification of this Order to obviate the objection, taking the necessary steps to have the motion resolved as early as practicable.

(17)    Upon receipt of any subpoena for CONFIDENTIAL information, whether received during or after the final conclusion of the litigation (including after any appeals that may be taken by the Parties), the Party receiving the subpoena shall immediately notify outside counsel for the other Party of the subpoena so that the latter may protect its interests. The subpoenaed Party shall not disclose the requested CONFIDENTIAL information until the other Party has had a reasonable opportunity to protect its interests in the relevant court or tribunal.

[Signatures on following page]

Dated:  April 22, 2008

| STEPTOE & JOHNSON LLP | MCKENNA LONG & ALDRIDGE LLP |
|---|---|
| *Harry Lee* | |
| John D. Lovi (JL-5928) | Charles E. Dorkey III (CD-8422) |
| Lara E. Romansic (LR-9236) | Jane Moffat (SM-0912) |
| 750 Seventh Avenue, 19th Floor | 230 Park Avenue |
| New York, NY 10019 | Suite 1700 |
| Telephone: (212) 506-3900 | New York, NY 10169 |
| Facsimile: (212) 506-3950 | Telephone: (212) 905-8330 |
| | Facsimile: (212) 922-1819 |
| Roger Warin (admitted *pro hac vice*) | |
| Harry Lee (admitted *pro hac vice*) | Tami L. Azorsky (admitted *pro hac vice*) |
| Andrew Racca | McKenna Long & Aldridge LLP |
| Steptoe & Johnson LLP | 1900 K Street, NW |
| 1330 Connecticut Avenue, NW | Washington, D.C. 20006 |
| Washington, DC 20036 | Telephone: (202) 496-7500 |
| Telephone: (202) 429-3000 | Facsimile: (202) 496-7756 |
| Facsimile: (202) 429-3902 | |
| | Barry J. Armstrong (admitted *pro hac vice*) |
| *Attorneys for Plaintiffs/Counterclaim* | Jeremy M. Moeser (admitted *pro hac vice*) |
| *Defendants American International Specialty* | McKenna Long & Aldridge LLP |
| *Lines Insurance Company and Commerce &* | 303 Peachtree Street, Suite 5300 |
| *Industry Insurance Company* | Atlanta, Georgia 30308 |
| | Telephone: (404) 527-4000 |
| *Of Counsel:* | Facsimile: (404) 527-4198 |
| | |
| Scott Davis | *Attorneys for Defendant/Counterclaim Plaintiff* |
| David Timmins | *U.S. Bank National Association, as Indenture* |
| Gardere Wynne Sewell LLP | *Trustee for the Registered Holders of FMAC* |
| 1601 Elm Street | *Loan Receivables Trusts 1997-B, 1998-B,* |
| Suite 3000 | *1998-C, 1998-D and 2000-A* |
| Dallas, Texas 75201 | |
| Telephone: (214) 999-3000 | |
| Facsimile: (214) 999-4667 | |

SO ORDERED:

John G. Koeltl, U.S.D.J.

This Order is not binding on the Court or Court personnel. The Court reserves the right to modify this Order at any Time.

-9-